IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| DAVID E. PAYNE, # 8755 | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 3:11cv389-CWR-FKB |
| | § | |
| AMERICAN CORRECTIONAL | § | |
| ASSOCIATION; et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER OF PARTIAL
DISMISSAL AND DIRECTING SERVICE OF PROCESS**

BEFORE THE COURT is *pro se* Plaintiff David E. Payne's [1] Complaint. He is incarcerated with the Mississippi Department of Corrections ("MDOC"). He brings this lawsuit alleging various federal and state law claims regarding his conditions of confinement, among other things. The Court has considered and liberally construed the pleadings. Defendants MDOC, Haley Barbour, Rufus Burkes, Eric Holder, Don Burkhalter, Barack Obama, Federal Bureau of Investigation, Post Master for the Jackson, Mississippi Post Office, American Bar Association, Mississippi Volunteer Lawyers, United States District Clerk for the Middle District of Louisiana, Post Master of Central Mississippi Correctional Facility ("CMCF"), and Mississippi Ethics Commission are dismissed. Process shall issue for the remaining Defendants.

**FACTS AND PROCEDURAL HISTORY**

Payne is currently serving a life sentence in the custody of the MDOC for murder. He is housed at CMCF.

Payne complains that since 2010, he has been denied free indigent postage and

copies for legal mail and mail to government agencies and that the jail is not mailing his documents. He also complains that his legal papers were confiscated from his jail cell and placed in a storage room where rats and water are known to damage papers. These acts, he claims, are in retaliation for pursuing his various legal claims. He complains that certain defendants are not responding to his letters and requests for investigations and criminal charges. He complains that he is being denied conditional medical release to the Veterans Administration Hospital, in contravention of State law. Finally, he complains that he is being denied medical care for certain ailments and is being ineffectively treated for others.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the

court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Payne to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

MDOC

      Payne asserts Section 1983 claims against MDOC for the alleged violations concerning his mail and the confiscation of his legal papers.  He seeks declaratory and prospective injunctive relief against this defendant.

      Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, Payne fails to state a claim against MDOC upon which relief may be granted.  MDOC is dismissed.

      Notably, Payne seeks prospective injunctive relief.  "Of course a state official in

3

his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Therefore, the Court will allow Payne to substitute MDOC Commissioner Christopher Epps in MDOC's place as a defendant in this case.

GOVERNOR BARBOUR

Payne alleges that Defendant Governor Barbour is "aiding and abetting domestic terrorism" because he refuses to (1) grant Payne clemency or (2) remedy the denial of access to equal rights to have a copy of his criminal appellate and parole board records without cost. (Compl. at 2). Further, he complains Barbour (3) is not granting Payne a medical release "equal to that of other U.S. Army Veterans." *Id.* at 16. He wants Barbour to order, under the Mississippi Public Records Act, that the Mississippi Department of Archives and History should give Payne a free copy of his criminal appellate record, the State Parole Board should give him a free copy of his parole file, and his criminal trial counsel should give Payne a copy of the discovery from his criminal file. Finally, he wants a personal interview with Governor Barbour.

I.      CLEMENCY

As for Barbour's alleged refusal to grant clemency, an "inmate has 'no constitutional or inherent right' to commutation of his sentence." *Ohio Adult Parole*

4

*Auth. v. Woodard*, 523 U.S. 272, 280 (1998) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)).  Therefore, the failure to grant clemency alone is not a constitutional deprivation.

II.   EQUAL PROTECTION

Payne complains Barbour denied Payne "equal rights" to his 1995 criminal appellate record and Parole Board discovery, because Barbour did not allow Payne to have them free of charge.  "Neither prisoners nor indigents constitute a suspect class." *Carson v. Johnson*, 12 F.3d 818, 821-22 (5th Cir. 1997).

Payne also charges Barbour with a denial of rights "equal to that of other U.S. Army veterans," because he will not grant Payne permission to be released from prison to the Veterans Administration Hospital.  Thus, he again complains Barbour is discriminating on account of Payne's status as a prisoner.  Because this is not a suspect classification, he fails to state a claim for a violation of equal protection.

III.   DENIAL OF RECORDS

Payne also complains that Barbour is not providing the appellate record and parole board discovery free of charge, in violation of the Mississippi Public Records Act.

The Act provides that "public records must be available for inspection by any person unless otherwise provided by this act.  Furthermore, providing access to public records is a duty of each public body and automation of public records must not erode the right of access to those records."  Miss. Code Ann. § 25-61-1.  Any "person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body in accordance with reasonable written procedures

adopted by the public body concerning the cost . . . of access. . . ."  Miss. Code Ann. § 25-61-5(1)(a).

Payne requested a copy of his criminal appellate record from the Mississippi Department of Archives and History.  According to the Complaint, the Department responded by notifying him of the copying charges for the material.  Payne does not complain that the cost is unreasonable.  He only alleges that he has a right to free copies under the statute.  As is plain from the statutory text, he has no such right.

As for the Parole Board's records, the Court will assume, without deciding that they are public records.  But see Miss. Code Ann. §25-61-12(2)(a) and (3).  Payne complains again that he has a right, to be provided "free of charge discovery of each and every document which the parole board has in its master files on Payne's case and is being examined for parole eligibility." (Compl. at 16).  The statute does not provide that public records may be copied for free.  Therefore, Payne fails to state a claim under the Mississippi Public Records Act.

## IV.   DENIAL OF MEDICAL RELEASE

Finally, Payne complains that Barbour will not conditionally release him to the Veterans Hospital for medical treatment.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979).  Therefore, this failure, by itself, does not state a Section 1983 claim.

Furthermore, Payne fails to state a claim against Barbour under State law.  The statute on which he relies, Mississippi Code Annotated Section 47-7-4, provides that

conditional medical release from prison may be granted by the MDOC Commissioner and medical director.  It is undisputed that Barbour is neither.

Because Payne fails to state a claim, against Barbour, upon which relief may be granted, he is dismissed without prejudice.  This dismissal counts as a strike under 28 U.S.C. 1915(g).

BURKES

The sole allegation against Burkes is that he committed "hate crimes."  (Compl. at 5).  No further explanation is found.  Attached to the Complaint is evidence that he denied Payne's first step Administrative Remedy Program grievance regarding the storage of his legal files.

Payne "does not have a federally protected interest in having th[is] grievance[] resolved to his satisfaction."  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  The denial of his grievance, without more, does not state a constitutional violation. Therefore, Burkes is likewise dismissed for Payne's failure to state a claim against this Defendant.

HOLDER AND BURKHALTER

Payne alleges that he wrote to Defendants Holder, United States Attorney General, and Burkhalter, Assistant United States Attorney General, asking them to criminally prosecute certain people.  Payne complains that Holder and Burkhalter will not prosecute them and seeks an injunction requiring these Defendants to do so.

A prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law."  *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).  This

immunity extends to deciding whether or not to criminally prosecute. *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Because Holder and Burkhalter are absolutely immune from any failure to initiate criminal prosecutions, these Defendants are dismissed.

Payne likewise complains about Burkhalter's failure to place Payne in the criminal witness protection program.  Because there was no criminal prosecution, he cannot, as a matter of law, show he was entitled to be placed in the witness protection program.

PRESIDENT OBAMA

Payne wrote to Defendant President Obama "furnishing him evidence of the hostage situation," but he has not responded.  (Compl. at 13).  Payne seeks to have the President enjoined to direct Holder to investigate and criminally prosecute  certain people.

To the extent Payne is suing President Obama for clemency, this claim fails for the same reason it failed against Governor Barbour.  To the extent Payne seeks to require Holder and the President to institute criminal indictments, this claim is likewise barred by absolute prosecutorial immunity.  This defendant is dismissed.

FBI, POST MASTER–JACKSON, MISSISSIPPI, ABA, MISSISSIPPI VOLUNTEER LAWYERS, UNITED STATES DISTRICT CLERK FOR THE MIDDLE DISTRICT OF LOUISIANA

Payne alleges that he wrote to Defendant Post Master at the Post Office in Jackson, Mississippi requesting to be interviewed by Defendant FBI concerning Payne's complaints about his prison mail.  He also alleges he sent a letter to Defendant

ABA requesting certain information.  He claims he wrote to Defendant Mississippi Volunteer Lawyers requesting legal representation.  Finally, he claims to have written to Defendant Clerk of the United States District Court for the Middle District of Louisiana requesting a copy of an opinion.  He asserts none of them responded because these letters were never sent by prison authorities.

Payne alleges no act or omissions whatsoever from these Defendants.  They are dismissed for failure to state a claim upon which relief can be granted.

POST MASTER–CMCF

Payne asserts claims against "John Does" mail room "staff" members for interference with his mail.  *Id.* at 5, 10.  He does not allege any act or omission of the jail's post master.  Therefore, the claim is based purely on the post master's role as employer or supervisor.  "There is no vicarious or *respondeat superior* liability of supervisors under section 1983."  *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006).  The supervisor must either be personally involved in the violation or otherwise have caused the violation.  *Id.*  Therefore, Payne fails to state a claim against the CMCF Post Master under Section 1983.

MISSISSIPPI ETHICS COMMISSION

Payne alleges he wrote to Defendant Mississippi Ethics Commission asking for certain information.  Specifically, he wanted to know whether or not discovery, appellate briefs and opinions in his criminal case were his property and whether the Commission was made up of attorneys.  He maintains the Commission never responded; "therefore this Defendant under color of state law has violatted [sic] Payne's

9

rights to access to information. . . ."  (Compl. at 10).  Payne cites, once again, the Mississippi Public Records Act.

   As discussed previously, the Public Records Act only requires Mississippi's public bodies to provide access to their public records.

> "Public records" shall mean all books, records, papers, accounts, letters, maps, photographs, films, cards, tapes, recordings or reproductions thereof, and any other documentary materials . . . having been used, being in use, or prepared, possessed or retained for use in the conduct . . . of any business . . . of any public body, or required to be maintained by any public body.

Miss. Code Ann. § 25-61-3(b).  Payne sought no documentary materials from the Commission.  Rather, he sought legal advice and whether or not attorneys sit on the Commission.  It is dismissed for failure to state a claim upon which relief could be granted against this Defendant.

R<span>EMAINING</span> D<span>EFENDANTS</span>

   At this early stage of the proceedings, the Court will allow Payne to proceed with his claims for relief against American Correctional Association ("ACA"), Epps, Ronald Reid Welch, Margaret Bingham, Ernest Lee, Captain Johnson, Lieutenant Thornton, Lieutenant Funches, and Patrician Berry.  This decision does not reflect any opinion of the Court as to the merits of these claims.  Process shall issue for the Defendants ACA, Epps, Welch, Bingham, Lee, Johnson, Thornton, Funches, and Berry.

   **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Mississippi Department of Corrections should be and is hereby DISMISSED and Christopher Epps is substituted as a defendant herein.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Haley Barbour, Rufus Burkes, Eric Holder, Don Burkhalter, Barack Obama, Federal Bureau of Investigation, Post Master of the Jackson, Mississippi Post Office, American Bar Association, Mississippi Volunteer Lawyers, Clerk of the United States District Court for the Middle District of Louisiana, Post Master of the Central Mississippi Correctional Facility Mail Room, and Mississippi Ethics Commission and should be and are hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against them.  These dismissals count as one strike under 28 U.S.C. 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that *pro se* Plaintiff David E. Payne, within twenty days of the date of this Order, shall provide this Court with the civil action number of every civil action or appeal which Plaintiff has had dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  He shall also provide the names of the court and Defendant(s) in each civil action identified.

**IT IS FURTHER ORDERED AND ADJUDGED** that the United States District Clerk is directed to issue summons to Defendants:

American Correctional Association
206 North Washington Street
Suite 200
Alexandria, Virginia 22314

Christopher Epps
723 North President Street
Jackson, Mississippi 39202

Ronald Reid Welch
c/o Ronald Reid Welch, P.A.
1823 St. Mary Street
Jackson, Mississippi 39202

Margaret Bingham
c/o Central Mississippi Correctional Facility
3794 Highway 468
Pearl, Mississippi 39208

Ernest Lee
c/o Central Mississippi Correctional Facility
3794 Highway 468
Pearl, Mississippi 39208

Captain Johnson
Watch Commander CMCF-U-3
c/o Central Mississippi Correctional Facility
3794 Highway 468
Pearl, Mississippi 39208

Lieutenant Thornton
c/o Central Mississippi Correctional Facility
3794 Highway 468
Pearl, Mississippi 39208

Lieutenant Funches
Lieutenant Unit Manager, CMCF-U-3
3794 Highway 468
Pearl, Mississippi 39208

Patricia G. Berry
1600 East Woodrow Wilson Avenue
Jackson, Mississippi 39216

The Clerk is directed to attach a copy of this Order and the Complaint [1] that will be

served on the named Defendants.  The United States Marshal shall serve the same

pursuant to 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED AND ADJUDGED** that a summons will not be issued for the John Doe Defendants at this time.  Once Plaintiff has determined the proper names and addresses of the John Doe Defendants, he must file a motion with the Court requesting that process be ordered to issue for these Defendants.  This motion must contain the proper names of the John Doe Defendants, addresses for the properly named John Doe Defendants and an explanation how the John Doe Defendants violated Plaintiff's constitutional rights.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants shall file their answers or other responsive pleadings in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that subpoenas shall not be issued except by order of the Court.  The Clerk of Court shall not issue subpoenas upon request of the *pro se* litigant, but shall instead forward the request to the undersigned for review.  Plaintiff shall submit any requests for the issuance of subpoenas to the undersigned's office for review.

**It is Plaintiff's responsibility to prosecute this case.  Failure to advise the Court of a change of address or failure to comply with any Order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case.**

This the 23rd day of November, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

13