UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID E. PAYNE                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:11-cv-00389-CWR-FKB

ACA, ET AL.                                                                                          DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the Court on Defendant Ronald Reid Welch's Motion to Dismiss (Docket No. 14).  Having considered the motion, as well as the plaintiff's response, the undersigned recommends that the motion be granted and that the complaint be dismissed with respect to Ronald Reid Welch.

I.  FACTS

Plaintiff, who describes himself as "a disabled American Army Veteran held hostage in custody of M.D.O.C. at CMCF," has sued a number of defendants, including Ronald Reid Welch, an attorney in private practice.  Mr. Welch represented a class, of which Plaintiff was formerly a member, in a class action lawsuit filed in the United States District Court for the Northern District of Mississippi.  That lawsuit has been dismissed.  *Gates v. March*, No. 4:71-cv-6-DAS (N.D. Miss.-Docket No. 1282).

In his complaint, Plaintiff demands that Mr. Welch come interview him in prison now. (Docket No. 1, p. 17).   Although in his complaint Plaintiff alleges Mr. Welch conspired with Defendant American Corrections Association ("ACA") to deprive him of his constitutional rights, Plaintiff states that he has now "repented" of his allegations of conspiracy with respect to Mr. Welch and that he is not seeking monetary damages against Mr. Welch.  (Docket No. 26, p.2). Instead, Plaintiff asserts that Mr. Welch is a witness.

II.  DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

The only remaining relief Plaintiff seeks against Welch is injunctive relief that Welch be ordered to visit and confer with him.  Welch is a private attorney.  Welch previously represented a class of which Plaintiff was a member, but the class action has been dismissed and Welch released from all duties as class counsel.  Therefore, Plaintiff has no legal basis for the requested injunctive relief and his claims should be dismissed.

III.  CONCLUSION

Having considered Plaintiff's claims against Defendant Welch in light of this standard, the Court concludes that Plaintiff has failed to state a claim against Defendant Welch upon which relief may be granted, and the undersigned recommends that this action be dismissed without prejudice as to Defendant Welch for failure to state a claim.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd  day of February, 2012.

        s/ F. Keith Ball_____
        UNITED STATES MAGISTRATE JUDGE