UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID E. PAYNE                                                                PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:11-cv-00389-CWR-FKB

ACA, ET AL.                                                                  DEFENDANTS


REPORT AND RECOMMENDATION

This cause is before the Court on the Motion to Dismiss, Docket No. 20, filed by

Defendant American Correctional Association ("ACA").  Having considered the motion, as well

the plaintiff's response, the undersigned concludes the motion is well-taken and recommends

that it be granted.

I.  FACTS

The plaintiff, who is incarcerated at Central Mississippi Correctional Facility ("CMCF")

and in the custody of the Mississippi Department of Corrections ("MDOC"),[1] has sued ACA and

several others pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights.  In his

complaint, Plaintiff describes ACA as "a Domestic Terrorist Group Involved in Conspiracies to

Violate Prisoner's Rights."  Docket No. 1, p. 2.  ACA did not answer the complaint, but instead

filed the above-referenced motion to dismiss, and in its memorandum in support describes itself

as "a private, not-for-profit corporation," which accredits correctional facilities through a

voluntary program.  Docket No. 21, p. 2.  Plaintiff cites certain MDOC policies which he

contends violate his constitutional rights, seemingly because those policies afford greater mailing

---

[1]Payne describes himself as "a disabled American Army veteran held hostage in
M.D.O.C. custody."  Docket No. 1, p.4.

opportunity to prisoners with more funds, limit Plaintiff's ability to mail, and limit his ability to maintain legal files in his cell.  Apparently, Plaintiff believes ACA is liable for those policies since ACA has accredited CMCF, the institution at which Plaintiff is housed.  *See* Docket No. 29.  Plaintiff also contends that ACA "is a Communist Socialist Caste System Regime' who should have never been (501) chartered for their organized crimes, and racketeering schemes." *Id.,* at p. 2.  Be that as it may, Plaintiff also acknowledges that "the Defendant's A.C.A. have no Constitutional no [sic] statutory authority to accredit or certify anything their [sic] just here meddling and spying on M.D.O.C. state rights subverting prisoner's state and federal constitutional rights.  It won't make a hill of beans whether the A.C.A. accredits or doesn't...." *Id.*, at p.3.

## II.  STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41(1957)); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

ACA has submitted matters outside the pleadings with its Motion to Dismiss, and therefore the motion should be characterized as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This Court may grant

summary judgment only if, viewing the facts in a light most favorable to Plaintiff, ACA demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161,1164 (5th Cir. 1995). If ACA fails to demonstrate the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## III.  ANALYSIS

ACA asserts that it is not a proper defendant in this civil rights action because it was not a person acting "under color of state law" as required by Section 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Cornish v. Corr. Servs. Corp*., 402 F.3d 545, 549 (5th Cir. 2005) (internal quotations and citation omitted) ("Mere private conduct, no matter how discriminatory or wrongful" will not give rise to liability under Section 1983). The Supreme Court has held that the alleged conduct causing the deprivation of a federal right must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  The Supreme Court described a two-part analysis for the "fair attribution" test:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible....  Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar*, 457 U.S. at 937.

The Fifth Circuit recognizes three tests to determine whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-42 (5th Cir. 1999). The public function test provides that a "private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state." *Bass*, 180 F.3d at 242 (internal quotations and citation omitted). ACA's voluntary certification program, Docket No. 20-1, p. 3, is not a function reserved exclusively to the State. No governmental entity "either requires that ACA operate its accreditation program or regulates such accreditation program." Docket No. 20-1, p. 2. Accordingly, the ACA is not deemed a state actor under the public function test.

Pursuant to the state compulsion (or coercion) test, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Bass*, 180 F.3d at 242. Again, ACA accreditation is voluntary, and the State has no control of or power over ACA. Docket No. 20-1, p. 2. Likewise, "the ACA has no authority to require a correctional facility to seek accreditation, to adopt any procedures or to change any existing procedures." Docket No. 20-1, p. 2. The ACA cannot be deemed a state actor under the state compulsion test.

A private party may be deemed a state actor *via* the nexus or joint action test when the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Bass,* 180 F.3d at 242. The ACA is a private, non-profit, non-governmental, educational organization. Docket No. 20-1, p. A state

facility's decision to apply for accreditation through the ACA is, as noted *supra*, voluntary, and the ACA cannot force the facilities to adopt or change any procedures even if they are not in compliance with the ACA standards.  Though, by virtue of his conspiracy allegations, the joint action test appears to be the theory under which Plaintiff travels, a contract between a private entity and the state does not alone render the private entity a state actor.  *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (internal quotations and citation omitted) ("[a]cts of ... private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts"); *see also Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 194 (1988).  ACA's involvement-essentially visiting CMCF to determine whether it was in compliance with ACA standards-does not rise to the level of entanglement with the state required for this Court to conclude that it was a state actor.

The ACA is not deemed a state actor and therefore the alleged violations of civil rights by ACA is not "fairly attributable to the State."   Plaintiff's claims against ACA should be dismissed. *See, e.g., Stern v. Epps,* 2:08-cv-000333-KS-MTP, Docket Nos. 147, 155, 156 (S.D. Miss.  April 13, 2010); *Williams v. Am. Corr. Ass'n*, No. 1:06cv196LG-JMR, 2008 WL 244322, at *3, *5 (S.D. Miss. Jan. 27, 2008).

## IV.  CONCLUSION

For the reasons stated above, it is the recommendation of the undersigned that the ACA's Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket No. 20, be granted, and that it be dismissed from this action with prejudice.

In accordance with 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 15th  day of February, 2012.


s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE