IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DAVID E. PAYNE**                                                                                      **PLAINTIFF**

v.                                                                                      CAUSE NO. 3:11-CV-389-CWR-FKB

**AMERICAN CORRECTIONAL ASSOCIATION, ET AL.**                              **DEFENDANTS**

### ORDER

Pending before the Court are the following motions: (1) a motion to dismiss by defendant Ronald Welch [Docket No. 14]; (2) a motion to dismiss by the American Correctional Association ("ACA") [Docket No. 20]; (3) the Magistrate Judge's Report and Recommendation regarding Welch's motion to dismiss [Docket No. 28]; (4) the plaintiff's motion for an extension of time to object to the Report and Recommendation [Docket No. 31]; (5) the Magistrate Judge's Report and Recommendation regarding ACA's motion to dismiss [Docket No. 32]; and (6) the plaintiff's motion for an extension of time to object to that Report and Recommendation [Docket No. 34].

At the outset, the Court sees that the plaintiff's motions for additional time to file objections to the Reports and Recommendations [Docket Nos. 31 and 34] are moot in light of the plaintiff's objections to those Reports having been filed, received, and considered by the Court [Docket Nos. 35 and 37]. The remaining motions are addressed below.

I.     *Background*

David E. Payne is an inmate held in the custody of the Mississippi Department of Corrections. Docket No. 8. In June 2011, he filed a complaint alleging that the defendants had violated his rights under the Americans with Disabilities Act, various Amendments to the United State Constitution, the Constitution of the State of Mississippi, and several other federal and state statutes. Docket No. 1. The substance of his complaint regarded the conditions of his confinement. Docket No. 8. In November 2011, this Court dismissed certain defendants for failure to state a claim and permitted Payne's claims against other defendants to proceed. Docket No. 8, at 10-11.

II.    *Discussion*

    A.     *Ronald Welch*

Welch, an attorney in private practice, argues that Payne has no right to receive the relief sought against him – that Welch be compelled to come interview Payne in prison. Docket No. 14.

Welch formerly represented a class of inmates that included Payne, but that case has ended, leaving no attorney-client relationship. *Id.* (Note that while Payne had initially alleged that Welch had engaged in a conspiracy with other defendants to deprive Payne of his rights, Payne later withdrew those allegations. Docket No. 26, at 2.).

The Magistrate Judge recommended that Welch be dismissed. Docket No. 28. Payne's objections to that Recommendation clarify that he seeks an interview with Welch so that Welch may reopen the prior litigation based on "newly discovered evidence of barbaric conditions." Docket No. 37, at 3. He contends that Welch's failure to visit and investigate amounts to ineffective assistance of counsel, breach of contract, and a violation of due process. *Id.* at 4-5.

Payne has no legal right to compel Welch, an attorney in private practice, to visit Payne's facility, interview Payne, investigate alleged constitutional violations, and re-open closed litigation. The Magistrate Judge's Report and Recommendation will be adopted as this Court's own findings and the claims against Welch will be dismissed.

  B. *American Correctional Association*

ACA's motion to dismiss observes that it is a non-state actor that provides voluntary accreditation services to correctional facilities, including the facility where Payne is held, and accordingly has no authority over Payne or the operation of the facility. Docket No. 21, at 2-3.

The Magistrate Judge recommended converting this motion into one for summary judgment, then granting ACA summary judgment. Docket No. 32. Payne's objections assert that ACA has aided and abetted the Mississippi Department of Corrections' constitutional violations and that ACA's actions and relationship with that Department are indicative of state employment. Docket No. 35, at 1.

ACA is not responsible for Payne's conditions of confinement. As the Magistrate Judge's thorough Report and Recommendation explained, ACA does not perform a traditional state function, is not being coerced by the state, and is not so intertwined with the operation of the correctional facility as to be deemed a state actor. The Report and Recommendation will be adopted as this Court's own findings and the claims against ACA will be dismissed.

III. *Conclusion*

Having considered Payne's objections, the Court finds that they should be overruled and that each Report and Recommendation should be adopted as the finding of this Court.

**IT IS HEREBY ORDERED** that the Report and Recommendation to dismiss Ronald Welch from this suit [Docket No. 28] is adopted and Welch's motion to dismiss [Docket No. 14] is granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation to dismiss ACA from this suit or grant summary judgment in favor of ACA [Docket No. 32] is adopted and ACA's motion to dismiss [Docket No. 20] is granted.

**SO ORDERED**, this the 27th day of April, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE