UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID E. PAYNE                                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:11-cv-389-CWR-FKB

ACA, ET AL.                                                                               DEFENDANTS


REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to the Motion to

Dismiss filed by Defendants Epps, Bingham, Lee, Funchess and Johnson.  Docket No. 42.

Having considered the motion and the parties' filings in this case, the Court concludes that the

motion is well-taken and recommends that it be granted.

HISTORY

Plaintiff, a state prisoner who is incarcerated for life and is currently housed at the

Central Mississippi Correctional Facility (CMCF), filed this action against a multitude of

defendants alleging a variety of constitutional violations.  The crux of the complaint concerns

Plaintiff's inability to retain all of his voluminous legal materials in his cell due to state prison

regulations concerning the volume of paper allowed in a cell.  Docket No. 1.  The Court has

dismissed a number of claims and defendants.  Docket Nos. 8 and 41.  The remaining defendants

are the movants listed above, as well as Patricia Berry and Lieutenant Thornton, neither of whom

has answered the Complaint.

<u>THE INSTANT MOTION</u>

**A. OFFICIAL CAPACITY CLAIMS**

Defendants Epps, Bingham, Lee, Funchess and Johnson have moved to dismiss on grounds of Eleventh Amendment immunity and qualified immunity. As the Court noted in its opinion at Docket No. 8, the State of Mississippi, its governmental entities and their officials sued in their official capacities are not amenable to suit pursuant to Section 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), with the exception of state officials sued for prospective relief. Accordingly, the undersigned recommends that all claims against the moving defendants in their official capacities, except those for prospective relief, be dismissed.

Plaintiff seeks prospective relief in this case, including the return of all his legal documents to his cell.[1] It is well-established that state court prisoners have a right of access to the courts, which encompasses a right to legal materials, but that the right is subject to reasonable regulation for security purposes. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Cruz v. Hauck*, 515 F.2d 332 (5th Cir. 1975). Time and location restrictions have specifically been approved. *See Johnson*, 393 U.S. at 490.

In the memorandum in support of their motion, Defendants acknowledge a "[s]tandard operating procedure that inmates are only allow[ed] six inches of documents in their cells at one time to avoid creating fire hazards." Docket No. 43 at 1-2.[2] They contend that this is a

---

[1] Plaintiff also seeks "witness protection," but no basis for this request for relief is apparent from the Complaint, nor did Plaintiff's testimony at the omnibus hearing in this matter reveal any reason for the Court to order such relief. Additionally, Plaintiff sought other injunctive relief against Defendants dismissed by previous orders of the Court.

[2] Defendants explain that, when an inmate's papers exceed the six-inch regulation, "the remaining papers are stored[;]...the inmate [is] issued a property slip [;] [and the inmate] can

reasonable regulation of Plaintiff's right of access to courts and that Defendants should not be ordered to allow Plaintiff to store all his legal materials, which he described at the omnibus hearing as several feet of paper, in his cell. Plaintiff, however, asserts that this policy has caused him actual damage, specifically that his habeas petition with this Court was denied because he could not get to his legal materials.

Having reviewed the Court's orders regarding Plaintiff's habeas claim, *Payne v. Epps*, 4:10-cv-54-DPJ-FKB, as well as the Fifth Circuit's Opinion in that case, *id.* at Docket No. 32, it cannot be said that not having stacks of paper from September 29, 2010, forward, as alleged in the Complaint [Docket No. 1 at 6], caused Plaintiff's habeas petition to be denied. Plaintiff's Petition was denied as time and procedurally barred. 4:10-cv-54 at Docket No. 23. Plaintiff's time to file his habeas petition expired on June 3, 1998. Id.

Plaintiff specifically alleges in this case that, on September 29, 2010, Defendant Funchess took his box of legal papers and put them in a storage room at CMCF due to the legal papers exceeding the six-inch regulation. Plaintiff has not shown that any alleged unavailability of his legal papers caused his habeas petition to be denied. Of course, it is axiomatic that any alleged unavailability of Plaintiff's legal papers after September 29, 2010, would not have prevented him from filing his habeas petition by June 3, 1998, and Plaintiff has not pointed to any of his legal papers which would have demonstrated that his habeas petition was not filed almost twelve (12) years too late. In addition, the Court notes that, even after September 29, 2010, Plaintiff filed motions and other documents in his habeas case on October 14, 2010, October 19, 2010 (this document consisted of 121 pages), November 23, 2010, December 20,

_____

change out papers as needed" by request. Docket No. 43 at 2.

2010, January 11, 2011, February 8, 2011, March 2, 2011, March 24, 2011, April 7, 2011, and

finally on April 24, 2011, which was his designation of the record on appeal. *Id*. at Docket Nos.

12-17, 20, 22, 26-29, 31.

In short, Plaintiff simply has not shown any injury resulting from the allegedly

unconstitutional regulation. Moreover, it appears that the very regulation Plaintiff challenges

has been upheld. *Pruitt v. Sparkman*, 98 Fed. Appx. 281, 282 (5th Cir. 2004)("Pruitt also asserts

that the district court erred by dismissing his claims that prison officials confiscated portions of

his legal materials that allegedly violated a regulation limiting the amount of material that could

be kept in a cell. Because Pruitt has failed to show that these actions interfered with his ability

to file a claim, we conclude that he has not established any denial of access to the courts.").

Accordingly, the Court recommends that all claims for prospective relief be dismissed.

Plaintiff also seeks an order prohibiting all Defendants from denying him postage or

harassing him. No specific facts in support of these particular requests appear in the Complaint,

nor were any brought forth at the omnibus hearing[3] in this matter. As noted, the records in

Plaintiff's cases reflect that he has mailed numerous documents to the court and postage does not

appear to be an issue. Even if Defendants are verbally harassing Plaintiff about his frequent and

voluminous filings as alleged, the record does not indicate that they are deterring or hindering

his filing in any manner. There is no basis for a retaliation claim, since Plaintiff has shown no

adverse act as required to establish a retaliation claim. *Morris v. Powell*, 449 F.3d 682 (5th Cir.

2006)(prisoners bringing retaliation claims must allege more than de minimis adverse retaliatory

act). Therefore, the undersigned recommends that these requests for relief be denied.

---

[3]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

4

## B. INDIVIDUAL CAPACITY CLAIMS

As for claims against the moving defendants in their individual capacities, Plaintiff must demonstrate that Defendants personally violated a constitutional right of Plaintiff of which a reasonable official would have been aware. Section 1983 does not recognize vicarious liability as a general principle. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

With respect to Defendant Epps, Plaintiff testified at the omnibus hearing that he is suing Epps because Epps will not sign a medical release allowing Plaintiff to get out of jail. That allegation is not a part of the instant lawsuit.

*Via* his Complaint, Plaintiff sought injunctive relief against Defendant Bingham, who was the Superintendent at CMCF, requiring that she return all his legal boxes. Docket No. 1. The Court addressed those claims *supra*, pp. 2-3. At the omnibus hearing, Plaintiff testified that Defendant Bingham should not have signed the response to his request for administrative relief regarding keeping his files in his cell because she had "messed up" previously by not sending his medical release to the proper place. The undersigned considered Plaintiff's claim regarding keeping materials in his cell *de novo.* Therefore, even if Defendant Bingham had some sort of conflict of interest in denying Plaintiff's request pursuant to the administrative remedy program, that does not provide any basis for a claim against her in this case. Again, the allegations concerning the medical release are not part of this lawsuit. Accordingly, the undersigned recommends dismissal of all claims against Defendant Bingham.

Plaintiff's allegation against Defendant Funchess is that Funchess placed Plaintiff's legal box in storage. Similarly, Plaintiff alleges that Defendant Johnson threatened to destroy

Plaintiff's legal materials if he did not store them in accordance with the facility's policy.

Plaintiff's allegation against Defendant Lee is merely that Defendant Lee saw Plaintiff doing his

legal work in his cell. Again, it is undisputed that a prisoner has a right of access to the courts.

*Johnson*, 393 U.S. at 490. However, none of these defendants denied Plaintiff the right to his

legal materials. Rather, they merely followed a policy allowing only six inches of paper at a

time in the cell. Of note, Plaintiff testified at the omnibus hearing that when he made a request

for his materials, the request was granted, though not as quickly as he would like. Plaintiff

testified that his requests were honored within less than a week, at the most. Plaintiff has not

demonstrated that he suffered a constitutional violation, and therefore, his claims against the

moving defendants fail and should be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned recommends that this case be dismissed as to all

defendants except Berry and Thornton.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 20th day of February, 2013.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE