UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID E. PAYNE                                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:11-cv-389-CWR-FKB

ACA, ET AL.                                                                                          DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the undersigned for a Report and Recommendation as to the Motion to Dismiss filed by Defendant Thornton [87], as well as the Motion to Dismiss for Lack of Jurisdiction filed by the United States [101] and the Motion to Dismiss filed by Defendant Berry [107].  Having considered these motions, and the entire record in this matter, the undersigned recommends that all three motions be construed as motions for summary judgment and be granted.  The undersigned recommends that Plaintiff's Motion to Stay [105] be denied.

FACTS AND HISTORY

Plaintiff David E. Payne, a state inmate incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi, brought this action pursuant to 42 U.S.C. § 1983, alleging a myriad of constitutional violations against a multitude of defendants. [1].  A number of defendants and claims have already been dismissed. [8, 41, 73].  As noted in the Court's previous Report and Recommendation [65], the essence of Plaintiff's complaint with respect to Defendant Thornton is that Defendant Thornton refused to allow Plaintiff to retain voluminous legal materials in his cell, and, instead, required that Plaintiff send them to storage to comply with prison regulations regarding the volume of paper allowed in cells.  [1] at 7-8.

1

Plaintiff's claim against Defendant Berry, an employee of the United States Department of Veterans Affairs, sued in both her official and individual capacities, is that he requested from her a progress report regarding his veterans benefits, as well as the name and address of his Veterans Affairs representative, but Defendant Berry failed to respond. [1] at 9.

Defendant Thornton has now moved to dismiss on the same bases as the other state defendants previously dismissed–Eleventh Amendment immunity and qualified immunity. The United States has moved to dismiss on the basis that Plaintiff has not set out a legal duty and breach thereof by the United States acting through Patricia Berry in her official capacity. Patricia Berry has moved to dismiss the claims against her in her individual capacity on the bases that Plaintiff has not stated a claim and that she, in any event, is entitled to qualified immunity. Plaintiff filed a response [89] to Defendant Thornton's Motion, and also filed a response [111] to the motions filed by the United States and Patricia Berry.

## ANALYSIS

A. Defendant Thornton

Plaintiff alleges that Defendant Thornton threatened to destroy his legal materials if Plaintiff did not send them to storage in compliance with prison regulations, then forced Plaintiff to put his materials in a box and send them to storage. [1] at 7-8. Plaintiff's claims against Defendant Thornton should be dismissed for the same reasons the claims against Defendant Funchess were dismissed. [65, 73].

As the Court noted in a prior Opinion and Order [8] in this case, the State of Mississippi, its governmental entities and their officials sued in their official capacities are not amenable to suit pursuant to Section 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), with

the exception of state officials sued for prospective relief. Accordingly, the undersigned recommends that all claims against Defendant Thornton in his official capacity, except those for prospective relief, be dismissed based on Eleventh Amendment immunity.

Plaintiff seeks prospective relief in this case, including the return of all of his legal documents to his cell.[1] It is well-established that state court prisoners have a right of access to the courts, which encompasses a right to legal materials, but that the right is subject to reasonable regulation for security purposes. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Cruz v. Hauck*, 515 F.2d 332 (5th Cir. 1975). Time and location restrictions have specifically been approved. *See Johnson*, 393 U.S. at 490.

The regulation at issue, which prohibits more than six inches of paper in a cell, has been upheld by the Fifth Circuit. *Pruitt v. Sparkman*, 98 Fed. Appx. 281, 282 (5th Cir. 2004). Plaintiff has not shown any injury as a result of the application of this regulation to his legal materials. The removal of papers from Plaintiff's cell did not prevent his access to the courts. As noted in the Court's previous Report and Recommendation [65], Plaintiff's claim that not having all his legal papers in his cell caused his habeas petition to be denied is simply not true. The incident involving Defendant Thornton took place in 2010. Plaintiff's habeas petition was denied on the basis that it should have been filed in 1998. Moreover, Plaintiff filed several documents in his habeas case from October, 2010 until April, 2011, when he designated the record for appeal of that matter. *Payne v. Epps*, 4:10-cv-54-DPJ-FKB.

---

[1] Plaintiff also seeks "witness protection," but no basis for this request for relief is apparent from the Complaint, nor did Plaintiff's testimony at the omnibus hearing in this matter reveal any reason for the Court to order such relief. Additionally, Plaintiff sought other injunctive relief against Defendants dismissed by previous orders of the Court.

As for claims against Defendant Thornton in his individual capacity, Plaintiff must demonstrate that Defendant Thornton personally violated a statutory or constitutional right of which a reasonable official would have been aware. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff's claims against Thornton fail on the first prong since Thornton did not violate any protected right by insisting that Plaintiff comply with valid prison regulations.

Plaintiff cannot recover against Defendant Thornton without showing that a federally protected right has been violated. Plaintiff has failed to make any such showing, and his claims against Defendant Thornton should be dismissed.

B.  The United States

The United States[2] argues that the Federal Tort Claims Act (FTCA) provides the exclusive remedy for Defendant Berry's alleged failure to assist Plaintiff. 28 U.S.C. § 2679(a). The FTCA waives sovereign immunity for certain claims against the federal government based on negligence of its employees in the course and scope of their work. *U.S. v. Orleans*, 425 U.S. 807, 813 (1976). The United States, however, further contends that Plaintiff has failed to show that it had any specific duty to Plaintiff to provide the items he allegedly requested from Ms. Berry, and therefore, Plaintiff cannot meet the first element of a tort claim. *Montoya-Oritz v. Brown*, 154 Fed. Appx. 437, 440 (5th Cir. 2005)(plaintiff failed to establish elements of duty, breach, causation and damages). The undersigned agrees with the United States. Plaintiff has not pointed to any regulation, statute or case which would require the United States through Defendant Berry to provide the requested progress report or names and addresses of Veterans

---

[2]The United States has been substituted for Patricia Berry in her official capacity. [96].

Affairs representatives or others to assist him. The mere fact that Plaintiff may have written Berry demanding this information did not impose any legal duty to provide the requested information.

Moreover, the right to the veterans benefits Plaintiff seeks is created by federal statute. *See* 38 U.S.C. §105, et seq. Therefore, if Defendant Berry had any duty to respond to Plaintiff, it would have been pursuant to federal statutory law and the FTCA does not provide a remedy for Berry's failure to respond. *United States v. Smith,* 324 F.2d 622, 624-25 (5th Cir.1963) (the FTCA "simply cannot apply where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs"); *Tindall v. United States*, 901 F.2d 53, 56 (5th Cir.1990).

Though Plaintiff also referenced the Freedom of Information Act (FOIA), 5 U.S.C. § 552, he has not established that he made a proper FOIA request. "The Freedom of Information Act was enacted to facilitate public access to Government documents. The statute was designed to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *United States Department of State v. Ray*, 502 U.S. 164, 173 (1991) (internal citations omitted). "This basic policy of full agency disclosure unless information is exempted under clearly delineated statutory language, indeed focuses on the citizens' right to be informed about what their government is up to." *Halloran v. Veterans Administration*, 874 F.2d 315 (5th Cir.1989) (internal citations omitted). *See also Avondale Industries, Inc.v. NLRB*, 90 F.3d 955, 958 (5th Cir. 1996). Plaintiff's request for a progress report, a document Defendant Berry would presumably have had to create for him, together with a list of representatives or agencies that might assist him, which is readily available public information, is not such a request.

In any event, the United States provided Plaintiff the information he requested during an omnibus hearing in this matter. Accordingly, to the extent Plaintiff seeks injunctive relief (specifically that he be provided the information requested), Plaintiff now has that information and his request is now moot.

Plaintiff has failed to state a claim against the United States and its motion should be granted.

C. Defendant Berry

Plaintiff's claim against Defendant Berry in her individual capacity for violation of his constitutional rights arises from *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)(unconstitutional conduct by federal agents gives rise to a cause of action for damages). However, Plaintiff has identified no protected right violated by Berry. Rather, Plaintiff alleges that Berry somehow hindered his pursuit of veterans benefits. Again, however, Plaintiff has not demonstrated that his benefits claim was affected by Defendant Berry's failure to provide a progress report and/or the names of persons/entities that might assist Plaintiff. Plaintiff has not demonstrated that his federally protected rights were violated. Even if they were, Plaintiff has not shown that Defendant Berry violated a clearly established statutory or constitutional right of which a reasonable person would have known and, therefore, cannot pierce her qualified immunity from suit in her individual capacity. *Harlow v. Fitzgerald*, 457 U.S. 800, 815-16 (1982).

D.  Plaintiff's Motion to Stay

On October 23, 2013, Plaintiff filed a motion to stay [105] requesting that this case be stayed pending a decision by the Fifth Circuit on his appeal of this Court's prior Order [73]

dismissing certain defendants. *See* [75]. On November 19, 2013, the Fifth Circuit dismissed Plaintiff's appeal [109], and on December 20, 2013, Plaintiff filed a response [111] to the motions to dismiss filed by the United States and Patricia Berry. Accordingly, the undersigned recommends that Plaintiff's Motion to Stay [105] be denied as moot.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the complaint be dismissed in its entirety.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of January, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE